UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 02 CR 635-3 |
| | ) | |
| KEVIN TURNER, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant Rodney McLee for a reduction of his sentence pursuant to 18 U.S.C. § 3582. For the reasons set forth below, the motion is denied.

## BACKGROUND

In 2002, McLee was charged with various crimes, including conspiracy to possess with intent to distribute and to distribute cocaine mixtures containing cocaine base, possession with intent to distribute the same, and unlawful possession of a firearm. He went to trial and was found guilty on all charges. In February 2004, he was sentenced to 322 months' imprisonment. The firearm offense accounted for 60 months of McLee's sentence; the remainder was imposed for the

drug offenses.  McLee's criminal history category was calculated to be a II; his offense level was 38.  An amount of 150 kilograms or more of cocaine or 1.5 kilograms or more of cocaine base yielded a base offense level of 38 at the time that McLee was sentenced.  U.S.S.G. § 2D1.1(c)(2).  On February 2, 2006, the Seventh Circuit affirmed the conviction; after a *Paladino* remand, the Court of Appeals affirmed the sentence.

In 2008, the United States Sentencing Commission amended U.S.S.G. § 2D1.1(c)(1), increasing the amount of cocaine base required for a base offense level of 38 from 1.5 kilograms to 4.5 kilograms.  Amendment 706.  Because McLee was charged with crimes relating to an amount of 1.5 kilograms of cocaine base, he moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c).

## LEGAL STANDARD

Once a defendant has been sentenced in a criminal case, a district court can modify the term imposed only in certain circumstances.  18 U.S.C. § 3582(c).  Section 3582(c)(2) allows a court to reduce the sentence only when a defendant has been sentenced based on a sentencing range that is later lowered by the Sentencing Commission and only if such a reduction is consistent with the applicable Commission policy statements.  Section 1B1.10 of the United States Sentencing Guidelines provides that a reduction in a term of imprisonment is not consistent with

the policy statement provided in that section unless the amendment adjusting the sentencing range is specified in § 1B1.10(c).

With these principles in mind, we turn to McLee's motion.

## DISCUSSION

McLee asserts that the base offense level of 38 used to calculate his sentence was predicated on the amount of cocaine base for which he was held criminally accountable. He contends that the amount of cocaine that he was found responsible for was 40 kilograms, which under the guidelines applicable at the time of his sentencing would yield a base offense level of 34.

The government contends that the amount of powder cocaine for which McLee was found criminally responsible exceeded 150 kilograms, which would independently yield a base offense level of 38. Because the amendment to the Guidelines that increased the amount of cocaine base necessary to reach an offense level of 38 did not change the requisite amount of cocaine to reach the same level, the government contends that McLee is not able to seek relief under § 3582(c). In other words, the government argues that McLee's sentencing range has not been subsequently lowered by a retroactive amendment to the sentencing guidelines.

McLee does not dispute the legal premise of the government's position, namely that if the amendments do not lower the applicable guideline range there is

no remedy available to him under § 3582(c). Rather, he contends that the 1.5 kilograms of cocaine base for which he was held criminally responsible was the only amount that could have yielded the base offense level of 38. He contends that there was no specific finding with regard to the amounts of the respective drugs at issue in his case.

While it is true that there was no equivalent of the *Apprendi* special verdicts set forth at time of sentencing with regard to the respective amounts of drugs, the issue of the amounts of cocaine and cocaine base attributable to McLee was considered and resolved at the time of sentencing. McLee raised the question of the quantity of drugs, specifically whether he was so involved in the conspiracy that he could be held accountable for the entirety of the drugs distributed by it, in his objections to the presentence report. The intricacy of McLee's involvement in the conspiracy was noted at sentencing as well as its effect to make him chargeable with the totality of the drugs for which the conspiracy was responsible over the five years of its existence. The evidence presented at trial supported a conclusion that the conspiracy dealt well in excess of 150 kilograms of cocaine. *United States v. Wilson*, 502 F.3d 718, 722 (7th Cir. 2007). Moreover, it is settled law within this circuit that a specific incantation is not necessary to satisfy the requirement that a district court state its findings with respect to relevant conduct when calculating a

base offense level in a drug case. *United States v. Acosta*, 85 F.3d 275, 280 (7th Cir. 1996). Accordingly, McLee's contention that his base offense level of 38 stemmed solely from the 1.5 kilograms of cocaine base is incorrect. The amount of cocaine for which he was held criminally responsible independently yielded an offense level of 38; that calculation is not affected by the amendments to the Sentencing Guidelines. Consequently, there is no basis under § 3582(c) to reduce the sentence already imposed.

## CONCLUSION

Based on the foregoing analysis, McLee's motion to reduce his sentence is denied.

*Charles P. Kocoras*
_____
Charles P. Kocoras
United States District Judge

Dated:    June 17, 2009